19-2644-cr
*United States v. Roye*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand twenty-one.

PRESENT:   GUIDO CALABRESI,
           REENA RAGGI,
           DENNY CHIN,
                   *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                   *Appellee*,

            -v-                                        19-2644-cr

JIMEL FRANK, AKA 30, AKA Velly,
                   *Defendant*,

KARL ROYE, AKA Eagle,
                   *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                                    JOHN T. PIERPONT, JR., Assistant United
                                                 States Attorney (Marc H. Silverman, Assistant
                                                 United States Attorney, *on the brief*), *for* John H.
                                                 Durham, United States Attorney for the
                                                 District of Connecticut, New Haven,
                                                 Connecticut.

FOR DEFENDANT-APPELLANT:                          MICHELLE A. BARTH, Law Office of Michelle
                                                 Anderson Barth, Burlington, Vermont.


        Appeal from the United States District Court for the District of

Connecticut (Arterton, *J.*).

        **UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

        On August 4, 2016, a jury convicted defendant-appellant Karl Roye of

murder in aid of racketeering and conspiracy to commit the same.  On August 2, 2019,

following the resolution of the parties' post-judgment appeals, the district court

imposed concurrent sentences of 120 months' imprisonment and life imprisonment, and

an amended judgment was entered on August 12, 2019.  Roye appeals, contending that

the district court (1) violated his Eighth Amendment rights by imposing a mandatory

life sentence without parole, and (2) committed prejudicial error in instructing the jury

as to the conspiracy to commit murder in aid of racketeering.  We assume the parties'

familiarity with the underlying facts, the procedural history of the case, and the issues

on appeal.

2

On April 6, 2011, Roye and Jimel Frank approached Anthony Parker, a rival gang member, sitting alone in a parked car in a driveway. *United States v. Frank*, 749 F. App'x 5, 6-7 (2d Cir. 2018). After a brief confrontation, Roye and Frank shot Parker from both sides of the car, killing him. *Id*. at 7. Roye was twenty years old at the time of the murder.

Roye argues that this Court should vacate his mandatory life sentence, relying primarily on *Miller v. Alabama*, 567 U.S. 460, 465 (2012) (holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments'"). In effect, Roye argues that this Court should extend the Eighth Amendment protections provided to juveniles under *Miller*, and reaffirmed in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), to twenty-year-old offenders, such as Roye himself at the time of the April 6, 2011 murder. Roye's argument is unavailing. As this Court noted in *United States v. Sierra*, when it comes to the age of an offender, "a line must be drawn, and the Supreme Court has repeatedly chosen in the Eighth Amendment context to draw that line at the age of 18, which is the point where society draws the line for many purposes between childhood and adulthood." 933 F.3d 95, 97 (2d Cir. 2019) (citations and internal quotation marks omitted), *cert. denied sub nom. Beltran v. United States*, 140 S. Ct. 2540 (2020), and *cert. denied sub. nom. Lopez-Cabrera v. United States*, 140 S. Ct. 2541 (2020). *See also Cruz v. United States*, 826 F. App'x 49, 51 (2d Cir. 2020) ("As *Sierra* observes, the

3

Supreme Court has repeatedly drawn a bright line at age eighteen for Eighth Amendment limitations on sentencing." (citation omitted)). Consequently, mandatory life sentences without parole for individuals who were over eighteen (even though they were under twenty-one) when they committed their crimes are constitutional. *See Sierra*, 933 F.3d at 97.

Roye also argues that the district court committed prejudicial error in instructing the jury as to conspiracy to commit murder in aid of racketeering without including the underlying Connecticut state law's requirement that an overt act be committed in furtherance of the conspiracy.

We review unpreserved objections to jury instructions for plain error, which requires for reversal an error that is plain, "affects substantial rights," and "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Solano*, 966 F.3d 184, 193 (2d Cir. 2020) (internal quotation marks and alterations omitted). "An error affects substantial rights when it is prejudicial -- that is, when there is a 'reasonable probability' that the error affected the outcome of the trial." *Id*. We find that here, even if the omission of the "overt-act" element were to constitute plain error, it did not affect the outcome of the trial because the jury also convicted Roye of murder, the overt act underlying the murder conspiracy charge. Accordingly, we find that the omission did not affect Roye's substantial rights and provides no basis for reversal here.

4

* * *

We have considered Roye's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk